## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| CRC INFORMATION SYSTEMS, INC. )<br>a Michigan corporation, ) | ) | |
| Plaintiff, ) | 2:03-cv-00591-PHX-JWS | |
| vs. ) | ORDER AND OPINION | |
| QUEBECOR WORLD (USA), INC., )<br>a Delaware corporation, ) | [Re:   Motion at Docket 51] | |
| Defendant. ) | | |

## I.  MOTION PRESENTED

At docket 51, plaintiff CRC Information Systems, Inc. ("CRC") requests an order lifting the stay entered in this matter on July 21, 2003, and permitting CRC to prosecute its federal copyright infringement claim and related state law claims against Quebecor World (USA), Inc.  At docket 55, defendant Quebecor World (USA), Inc. ("QWUSA") opposes the motion.  Plaintiff replies at docket 56.  Oral argument was not requested, and it would not assist the court.

## II.  BACKGROUND

CRC is a Michigan corporation which develops graphic arts business management software ( "CRC Software").  QWUSA is a Canadian corporation which operates a commercial printing business.  QWUSA is a wholly owned subsidiary of the Quebecor Printing Holding Company ("the Holding Company").  The Holding Company

is a wholly owned subsidiary of Quebecor World ("QW").  In 1986, CRC entered into a license agreement with QW's predecessor, BCE PubliTech, for CRC Software.  The contract, which was executed in Toronto, Ontario, Canada, incorporated a choice-of-law provision stating that the laws of Ontario governed the agreement's construction.

On October 4, 2002, CRC filed a complaint against QW in the Central District of California ("the California action"), alleging breach of contract, infringement of federal copyright, trade secret misappropriation, and unfair competition.  CRC specifically alleged that QW's installation of CRC Software on numerous central processing units ("CPUs") violated the license agreement.

On January 20, 2003, QW filed a complaint in the Superior Court of Justice in Ontario, Canada ("the Ontario action"), seeking declaratory relief on the issue of whether QW breached the CRC Software license agreement and owed additional license fees.  The district court in California subsequently concluded that the Ontario court would be more appropriate for adjudication and dismissed the California action on *forum non conveniens* grounds on March 17, 2003.  On June 25, 2003, CRC entered a statement of defense and counterclaim in the Ontario action, seeking injunctive relief and damages for copyright infringement and misappropriation of trade secrets.

On March 27, 2003, CRC filed the underlying complaint against QWUSA in federal district court in Arizona, alleging claims of copyright infringement, misappropriation of trade secrets, and unfair competition.  QWUSA subsequently filed a motion to dismiss or stay the case on the "alternate grounds of the existence of a parallel proceeding in Ontario, Canada and *forum non conveniens*."[1]  By order dated July 21, 2003,[2] this court denied QWUSA's motion to dismiss and granted QWUSA's motion to stay after applying the six-factor balancing test for federal abstention articulated in *40235 Wash. St. Corp. v. Lusardi*.[3]

---

[1]Doc. 22 at 1.

[2]Doc. 33.

[3]976 F.2d 587, 588-89 (9th Cir. 1992) (citing *Colorado River Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976), *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).

In its July 2003 order, the court held that a balancing of the six factors[4] "shows extraordinary circumstances which warrant a stay pending an interpretation of the license agreement and the merits of CRC's counterclaim in Ontario."[5]  The court reasoned that determining QW's rights under the license agreement is an essential first step in resolving the parties' disputes.  The court further concluded that if the license is determined to disallow QWUSA's software installations, the instant action will proceed on the merits of CRC's federal copyright law claims and related state law claims.[6]

The Ontario action, whose resolution this case has been awaiting, is scheduled for trial on February 11, 2008.  By order dated July 27, 2006, the court ordered the parties to file a joint status report addressing the court's concerns about the "apparent lack of progress in the Canadian litigation."[7]  The parties filed a joint status report indicating that the parties had conferred on alternatives for concluding this case expeditiously.[8]  CRC proposed that the parties stipulate to lifting the stay.  QWUSA disagreed and proposed a dismissal without prejudice, including a tolling agreement. CRC did not agree to a dismissal, and filed the underlying motion to lift stay.

## III.  DISCUSSION

CRC moves the court for an order lifting the stay and permitting CRC to prosecute its copyright infringement claim and related state law claims against QWUSA. CRC argues that "[i]n light of the changed circumstances caused by the Ontario Court's scheduling of trial almost five years after this case was commenced, the Ontario Court is not a convenient forum and cannot adequately protect CRC's rights under U.S.

---

[4]The six factors considered by the court were: 1) the first court to assume jurisdiction over the property; 2) inconvenience of the forum; 3) desire to avoid piecemeal litigation; 4) order in which the concurrent forums obtained jurisdiction; 5) which forum's laws control the decision on the merits; and, 6) whether the alternative forum can adequately protect the parties' rights. Doc. 33 at 10.

[5]Doc. 33 at 11.

[6]Doc. 33 at 11-12.

[7]Doc. 50.

[8]Doc. 52.

copyright law."[9]  CRC further argues that it has suffered prejudice as a result of the delay because during the stay, "QW has allowed Grafikom to use the CRC software without CRC's consent or authorization."[10]

QWUSA opposes the motion on the grounds that CRC has not demonstrated that circumstances have changed since the court entered its stay order, and CRC has not set forth any new facts that would change the court's previous analysis of the federal abstention factors under *Lusardi*.  The court concurs.

Based on the parties' representations, it appears that CRC and QW have proceeded in the Ontario action largely according to an agreed upon time table.  The parties participated in a mandatory mediation in August 2003, and then agreed to postpone discovery while the parties attempted to find a "business resolution" to their dispute.[11]  After settlement negotiations failed, the parties engaged in discovery during 2004 and 2005, with both parties extending discovery deadlines for various reasons.  The parties also agreed to adjourn four trial scheduling hearings, which were previously set for December 15, 2004, February 23, 2005, April 20, 2005, and May 17, 2005.[12]  On January 4, 2006, CRC served its trial record and set the Ontario action down for trial.[13]  The parties filed a required certification form with the Ontario court in April 2006, after which the court set the matter for trial on February 11, 2008.

In light of the above procedural history, CRC's argument that the Ontario court is not a convenient forum because it "caused" the scheduling of trial almost five years after the case was commenced is without merit.  CRC's argument that it has suffered prejudice as a result of the stay because "QW has allowed Grafikom to use the CRC software without CRC's consent or authorization" is also unavailing.  Grafikom's alleged

---

[9]Doc. 51 at 9.

[10]*Id.*

[11]Doc. 34 at 2.

[12]Merskey Declaration at ¶ 12, exh. 3, doc. 55.

[13]Dekker Declaration at ¶ 29, doc. 56.

use of CRC Software involves an agreement between Grafikom and QW, neither of which are parties in the instant action.  Moreover, determining whether Grafikom's alleged use of CRC Software is unauthorized involves resolving the dispute at the center of the Ontario action, namely QW's rights under the initial license agreement.

Because CRC has not demonstrated that the court's reasons for ordering the stay were unsound or that circumstances have changed which would warrant lifting the stay, the court will deny CRC's request to lift the stay.

### IV.  CONCLUSION

For the reasons set out above, plaintiff's motion at docket 51 is **DENIED**.

DATED at Anchorage, Alaska, this 16th day of November 2006.


/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE